UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| LESLIE OLDSON, | ) | CIV. 11-5010-JLV |
| | ) | |
| Petitioner, | ) | ORDER OF DISMISSAL |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Pending before the court is a petition for writ of habeas corpus filed by Leslie Oldson on February 8, 2011.  (Docket 1).  Mr. Oldson seeks relief pursuant to 28 U.S.C. § 2241.  Id.  Mr. Oldson raises the following claims: (1) although a minimal participant in the conspiracy, he received the same or a longer sentence than his co-defendants; (2) his plea of guilty was not knowing and voluntary; (3) he received ineffective assistance of trial and appellate counsel; and (4) the district court was biased in the handling of his case.  Id.

It is clear from a reading of the petition that Mr. Oldson is challenging the validity or legality of his conviction and sentence.  Therefore, a § 2241 petition is not the proper vehicle to raise Mr. Oldson's claims.  A federal prisoner properly files a § 2241 petition when he seeks to challenge the execution of his sentence or the conditions of his confinement under the administration of the Bureau of Prisons.  Matheny v. Morrison, 307 F.3d 709,

711 (8th Cir. 2002); Bell v. United States, 48 F.3d 1042, 1043 (8th Cir. 1995); see also Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001) ("[A] motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.") (emphasis in original). Mr. Oldson's claims are not within the purview of § 2241.[1]

The proper vehicle for Mr. Oldson's constitutional claims is a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Nichols v. Symmes, 553 F.3d 647, 649 (8th Cir. 2009) (noting a claim implicating the validity of petitioner's underlying conviction and sentence "is properly entertained in a § 2255 motion before the sentencing court[]"). However, the court cannot construe Mr. Oldson's pleading as a § 2255 motion for consideration on the merits because, on August 2, 2010, Mr. Oldson filed a prior § 2255 motion in this district. (Civ. 10-5061-KES, Docket 1). On December 14, 2010, the district court denied the motion on the merits. Id. at Docket 12. To file a second or successive § 2255 motion, Mr. Oldson first must obtain approval from the Court of Appeals for the Eighth Circuit. See 28 U.S.C. § 2255(h), 28 U.S.C. § 2244(b)(3); Hill v. Morrison, 349 F.3d 1089, 1090

---

[1] A court may raise the issue of subject matter jurisdiction at any time either *sua sponte* or on motion of either party. United States v. Hutchings, 835 F.2d 185, 186 (8th Cir. 1987) (finding the court did not have subject matter jurisdiction over petitioner's § 2255 motion because petitioner should have raised his claims in a § 2241 petition).

(8th Cir. 2003) ("Before a trial court may consider a second or successive § 2255 motion, however, a petitioner must obtain permission from the court of appeals."); Unites States v. Wheat, No. CR96-4033-MWB, 2007 WL 2572174 at *2 (N.D. Iowa, Sept. 4, 2007) ("This court must dismiss for lack of subject matter jurisdiction any successive [§ 2255] petition that is filed without the Eighth Circuit Court of Appeals's permission.").

Without such approval, the court cannot consider Mr. Oldson's pleading even if construed as a § 2255 motion. Mr. Oldson may not circumvent the rules governing post-conviction relief by characterizing what are in reality § 2255 claims as § 2241 claims.[2] Accord United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005) ("It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a successive . . . § 2255 action by purporting to invoke some other procedure.)."

Accordingly, it is hereby

---

[2]In rare circumstances, a petitioner may raise a § 2241 petition to challenge his conviction if the petitioner shows the remedy afforded by § 2255 is inadequate or ineffective. United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000). Mr. Oldson has not demonstrated how relief under § 2255 is inadequate or ineffective to test the legality of his conviction and sentence. Hill, 349 F.3d at 1091 (noting the burden is on the petitioner to demonstrate § 2255 relief is inadequate or ineffective). A § 2255 motion is not inadequate or ineffective merely because relief has been denied or because of some other procedural hurdle. Id.; see also Lurie, 207 F.3d at 1077. Further, a district judge's alleged bias does not render § 2255 inadequate or ineffective because the petitioner could have moved for recusal. Sines v. Wilner, 609 F.3d 1070, 1073 (10th Cir. 2010); Day v. Samuels, 263 Fed. Appx. 246, 248 (3d Cir. Feb. 6, 2008) (unpublished) (same); Charles v. Chandler, 180 F.3d 753, 758 (6th Cir. 1999) (same).

ORDERED that Mr. Oldson's petition for writ of habeas corpus (Docket 1) is dismissed without prejudice.

IT IS FURTHER ORDERED that Mr. Oldson's motion to appoint counsel (Docket 1) is denied as moot.

Dated March 10, 2011.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE